IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARCAS, L.L.C. ) | |
|     ) | |
|     Plaintiff, ) | |
|     ) | |
|     v. ) | Civil Action No. CBD-07-0196 |
|     ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF ST. MARY'S COUNTY ) | |
|     ) | |
|     Defendant. ) | |
|     ) | |

**MEMORANDUM OPINION**

Before this Court is Defendant's Motion to Certify Questions of Law to the Court of Appeals of Maryland (hereinafter "Defendant's Motion") (Docket Item No. 91). The Court has reviewed Defendant's Motion and the Opposition and Reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the following reasons, the Court hereby GRANTS Defendant's Motion.

**I.     Background**

Defendant is seeking certification of two questions to the Court of Appeals of Maryland. Both questions concern terms used in the Maryland Local Government Tort Claims Act ("LGTCA"), MD. CODE ANN., CTS. & JUD. PROC. § 5-303(a) (2009). The questions for which Defendant seeks certification are:

1. "Whether multiple tort counts and injuries as alleged in Plaintiff's complaint constitute an 'individual claim' under the Maryland Local Government Tort Claims Act, MD. CODE ANN. CTS. & JUD. PROC. § 5-303(a)."

    2. "Whether the multiple tort counts and injuries as alleged in Plaintiff's complaint constitute the 'same occurrence' under the Maryland Local Government Tort Claims Act, MD. CODE ANN. CTS. & JUD. PROC. § 5-303(a)."

This case arises out of Plaintiff's claims that sub-surface methane gas and other volatile organic compounds migrated from the St. Andrews Landfill to Plaintiff's adjacent property. Plaintiff alleges that each day of contamination equals a separate occurrence and separate claims for damages, thus allowing for a maximum of $500,000 in damages for each day that a violation exists. In contrast, Defendant argues that sub-surface migration over time amounts to one occurrence and one individual claim under the statute, resulting in a maximum total liability of $200,000. Defendant believes the LGTCA has "considerable uncertainty" and seeks certification from our State's highest court.

    a. *Defendant's claims*

Defendant argues that the questions for certification are questions of law, and should be certified "because the Court of Appeals' answer to them may be determinative of an issue in this case and…. there is no controlling [c]onstitutional provision, appellate decision, or statutory provision outside the LGTCA." Defendant emphasizes that these legal questions are purely a matter of Maryland law, and because there are no definitive decisions on these points, the Court of Appeals of Maryland is the best arbiter of them. There is no controlling law interpreting "individual claim" and "same occurrence" as used in the LGTCA. Defendant placed this statute at issue when it raised the LGTCA damages cap as a defense and when it moved for partial summary judgment on the applicability of the LGTCA.

    b. *Plaintiff's claims*

Plaintiff argues that the questions presented in Defendant's Motion should not be certified "[b]ecause these issues are fact intensive and present no novel or unique question of

2

Maryland law beyond the capabilities of this court. . .". Plaintiff argues that there are no conflicting opinions regarding these issues and that the only disagreement about this statute is between the parties in the present case. Plaintiff claims that Defendant's reliance on Proctor v. Wash. Metro. Area Transit Auth., No. RWT-08-2308, 2009 U.S. Dist. WL 971445 (D. Md. Apr. 6, 2009) is improper because in Proctor, there was express uncertainty and conflicting opinions about the questions certified.[1] Plaintiff states that there is neither agreed-upon statutory uncertainty here, nor are there conflicting judicial opinions. Plaintiff emphasizes that disagreement among parties during litigation is the natural result of litigation, and is not cause for certification to the Court of Appeals of Maryland.[2]

## II.     Statutory Standard

The controlling statute for certifying questions to the Court of Appeals of Maryland is MD. CODE ANN., CTS. & JUD. PROC. § 12-603 (2009). The statute provides that "[t]he Court of Appeals of this State may answer a question of law certified to it by a court of the United States or by an appellate court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State." Id. The critical statutory factors for the present litigation are whether the questions to be certified are matters of law, are determinative of an issue in the present litigation, and whether there is existing controlling law on point.

---

[1] Plaintiff misses the more important point in Proctor. The court in Proctor certified the questions because "there is considerable uncertainty as to the status of Maryland law." Proctor, WL 971445 at *4. The Proctor court uses the contradictions among courts as *evidence* of the uncertainty, rather than establishing contradictory law as the standard for certification. Id.

[2] Plaintiff also argues that this motion is not timely because it comes "months after parties have expended extensive resources briefing the interrelated issues." Plaintiff's Opposition, at 3. While the Court is cognizant of the high cost of litigation, it does not find this a persuasive reason to deny certification.

3

### III. Discussion

   *a. The issues Defendant seeks to certify are legal questions.*

The issues presented in Defendant's Motion require interpretation of the LGTCA, specifically the meanings of "same occurrence" and "individual claim." Statutory interpretation is a legal question, see e.g., <u>Bittinger v. CSX Transp., Inc.</u>, 932 A. 2d 1243, 1250 (Md. Ct. Spec. App. 2007) ("we hardly need to point out to counsel that interpreting a statute is a question of law and that such questions require a <u>de novo</u> review.").

   The present question is the type of legal question that the U.S Court of Appeals for Fourth Circuit has approved of certification to the Court of Appeals of Maryland in the past. For example, in <u>Public Citizen, Health Research Group v. Commission on Medical Discipline of Maryland</u>, 573 F.2d 863, 866 (4th Cir. 1978) the U.S. Court of Appeals for the Fourth Circuit held that the trial court did not abuse its discretion when it certified a question of statutory interpretation. The question in <u>Public Citizen</u> involved whether or not a directory insertion was an "advertisement" under a Maryland statute. Additionally, the Fourth Circuit itself certified questions in <u>United Pacific Insurance Co. v. East</u>, 250 F.3d. 234, 235 (4th Cir. 2001), asking the Court of Appeals to determine whether certain proceeds were "money payable" under a Maryland statute determining exemptions for wage garnishment. Lastly, in <u>Doe v. Pharmacia & Upjohn, Inc.</u>, No. 03-2166, 2005 U.S. App. WL 273143, at *4-5 (4th Cir. Feb. 4, 2005), the Court was presented with two conflicting interpretations of the law, however one of which was dicta. The Fourth Circuit certified the questions to the Court of Appeals finding that there was sufficient ambiguity and that "no Maryland appellate decision, constitutional provision, or statute appears to address the precise questions presented in this case." <u>Id.</u>, at 5. The certified questions

4

were determinative because Plaintiff's claims relied on a negligence theory and the questions concerned whether, under the Maryland statute, the defendant owed the plaintiff a legal duty.

Similar to the questions certified in the above cases, the questions at issue in the present case require statutory interpretation. Facts concerning each case are necessary to contextualize the issues, but these are fundamentally questions of interpretation – what the statute means – and not questions requiring mere application of the text or a meaning that has been previously determined. In the present case, the facts are necessary to contextualize the question of "same occurrence" and "individual claim," but the terms themselves require interpretation to determine whether "same occurrence" can be a continuous occurrence and whether "individual claim" can mean a single defendant causing the same harm over time.

      *b. The issues to be certified are determinative of issues in the present case.*

The interpretations of the terms "same occurrence" and "individual claim" are dispositive of an issue in the present case. Specifically, applications and interpretations of these terms are dispositive on the maximum liability the government is exposed to under the LGTCA. The statute provides that ". . .the liability of a local government may not exceed $200,000 per *individual claim*, and $500,000 per total claims that arise from the *same occurrence* for damages resulting from tortious acts or omissions, or liability arising under subsection (b) of this section and indemnification under subsection (c) of this section." MD. CODE ANN., CTS. & JUD. PROC. § 5-303(a) (2009) (emphasis added). The dispute in the present case arises because Plaintiff alleges that each day of contamination is a separate occurrence and separate claim for damages, thus allowing for a maximum of $500,000 in damages per day of violation. In contrast, Defendant argues that sub-surface migration over time amounts to one occurrence and one claim under the statute, meaning that under the statute its total maximum liability is $200,000.

Therefore the interpretations of "same occurrence" and "individual claim" language in the statute will be determinative of a major issue in this case.

> *c. There is no controlling Maryland appellate decision, constitutional provision, or statute.*

Plaintiff does not contest that there is no controlling law on these specific issues. Instead, Plaintiff contends that there is no *contradictory* law on these issues and therefore certification is improper. Contradiction, however, is not the statutory standard. MD. CODE ANN., CTS. & JUD. PROC. § 12-603. While contradiction may indicate that there is no controlling law, there may also be no controlling law when a court simply has not ruled on an issue. There is simply no law, Maryland or Federal, that defines "same occurrence" or "individual claim" under the Maryland Local Government Tort Claims Act. There is sufficient ambiguity in the terms "same occurrence" and "individual claim" so as to require a singular interpretation as to their operation.

### IV. Conclusion

The meanings of "same occurrence" and "individual claims" in the Maryland Local Government Tort Claims Act are legal questions requiring statutory interpretation. To date, there is no controlling Maryland or Federal law on these specific points, and the operation of these terms is determinative of at least one issue in the present case. Therefore, it is hereby ORDERED that the Court GRANTS Defendant's Motion.

/s/
Charles B. Day
United States Magistrate Judge

CBD/ec