IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARCAS, L.L.C. | |
| Plaintiff | |
| v. | Civil Action No:    8:07-CV-00196-WGC |
| BOARD OF COUNTY COMMISSIONERS OF ST. MARY'S COUNTY | |
| Defendant | |

**ORDER GRANTING INJUNCTIVE RELIEF**

In accordance with the Court's July 25, 2013 Order and Memorandum Opinion on the parties' cross-motions for summary judgment, it is this 22nd day of August, 2013, hereby:

**ORDERED, ADJUDGED, AND DECREED** that mandatory injunctive relief regarding the remediation of contamination at and in the vicinity of the St. Andrew's Landfill in St. Mary's County, Maryland is hereby entered as follows.

**Explanatory Statement**[1]

1.   In its July 25, 2013 Order and Memorandum this Court held that Plaintiff Marcas, LLC ("Plaintiff") was entitled to summary judgment on its Resource Conservation and Recovery Act ("RCRA") claim against Defendant Board of County Commissioners of St. Mary's County ("Defendant" or the "County"), to the extent that Plaintiff's RCRA claim was based on the violation of 40 C.F.R. § 258.23 (a)(2), for methane gas in excess of the lower explosive limit (the "LEL") at the boundary of the St. Andrew's Landfill (the "Landfill").

2.   The purpose of this Injunction is to require the County to take steps necessary to ensure compliance with 40 C.F.R. § 258.23(a)(2). The following sections of this Injunction set forth the injunctive relief and remedial measures that the County shall take in order to comply with 40

---

[1]   The factual background is detailed in this Court's September 28, 2011 Memorandum Opinion and its July 25, 2013 Memorandum Opinion.

C.F.R. § 258.23(a)(2), thereby remediating methane migration from the St. Andrew's Landfill to the Plaintiff's Property.

3. Nothing in this Order shall be construed to modify, supersede, or relieve Defendant of its obligation to comply with any requirement imposed by the Maryland Department of the Environment or applicable State law or regulations.

### Definitions & Applicability

4. The term "Property" shall mean the Pod 3, Fishtail, and Recreation parcels of the 227 acre planned unit development ("PUD") referred to in the Complaint.

   a. The term "Pod 3" refers to the approximate 17.1 acre parcel of the PUD located across FDR Boulevard from the Area B of the Landfill; the approximate location of which is depicted by the parcel labeled "Residential Pod #3, 17.1 Acre" on the aerial photo attached hereto as **Exhibit 1**.

   b. The term "Recreation Parcel" refers to the approximate 8.1 acre parcel of land that is located between Area B of the Landfill and FDR Boulevard; the approximate location of which is depicted by a parcel labeled "Open Space, 8.1 Acre" on the aerial photo attached hereto as Ex. 1.

   c. The term "Fishtail Parcel" refers to the approximate 18.7 acre parcel of land that touches the Recreation Parcel and is adjacent to Area B of the Landfill; the approximate location of which is depicted by a parcel labeled "Open Space, 18.70 Acres" on the aerial photo attached hereto as Ex. 1.

5. The term "Site" shall mean the Landfill and the off-site locations where gas probes, monitoring wells and/or monitoring locations associated with the environmental monitoring of the Landfill are located.

6. This Order is binding on the County, through its officers, employees, and agents. Work performed by the County, its officers, employees, agents, contractors, and consultants shall be carried out in accordance with the terms of this Order.

7. Any transfer of ownership of the Property, in whole or in part, to a third party shall not alter or relieve Defendant of its obligation to comply with all of the terms of this Order. If Plaintiff transfers ownership of the Property, in whole or in part, to a third party, Plaintiff shall include a right of entry provision that parallels paragraph 19 of this Order.

8. Any transfer of ownership of the Property, in whole or in part, to the Defendant shall relieve Defendant of its obligation to comply with the terms of this Order, as concerns the portion of the Property transferred to the Defendant.

### Remediation Activities

9. Defendant shall implement an expansion of the existing landfill gas remediation system in order to remediate the migration of methane gas to the Property from the Landfill.

10. Defendant shall conduct this remediation work in compliance with all applicable State, County, and federal laws and regulations.

11. Defendant shall conduct the remediation by and through the corrective actions set forth in the work in the Schedule of Work attached hereto as **Exhibit 2**.

12. In conducting the remediation, Defendant shall adhere to the deadlines set forth in Ex. 2, unless another provision of this Order is applicable.

13. Defendant will notify the Plaintiff, in writing, each time a category of tasks set forth on Ex. 2 (lines 2, 6, 18, 19, 22, 23, 28, & 38) is completed.

14. Defendant shall continue to implement the corrective actions set forth in Ex. 2 until the work set forth in Ex. 2 has been completed in full.

### Monitoring & Reporting

15. Defendant shall, at a minimum, monitor the methane levels at the Site in accordance with the provisions of 40 C.F.R. §§ 258.23 and 258.70, and in accordance with any additional requirements imposed by the Maryland Department of the Environment.

16. Defendant shall report all monitoring results to Plaintiff within ten (10) business days of the monitoring event.

17. Additionally, to the extent Defendant is subject to any independent semi-annual inspection and reporting requirements for the Site pursuant to § 26.04.07.22 of the Code of Maryland Regulations ("COMAR"), any other provision of COMAR, or any requirement imposed by the Maryland Department of the Environment, Defendant shall provide Plaintiff with a copy of such semi-annual inspection reports prepared thereunder. Any such report shall be provided to Plaintiff within ten (10) business days of the completion and finalization of such report.

18. The monitoring and reporting obligations of this Order shall continue until the Court terminates this Injunction.

### Right of Entry

19. The County, its authorized agents, employees, representatives, and contractors, including, without limitation, Maryland Environmental Service and the County Department of Public Works, are authorized to enter and freely move about the Property at all reasonable times for the purposes of performing the remediation work, corrective actions, testing, sampling, or monitoring activities set forth in this Injunction.

### Continuing Jurisdiction

20. This Court shall retain jurisdiction over this case after entry of this Injunction so that it may take any action necessary or appropriate for the interpretation, construction, execution, enforcement or modification of the Injunction. During the term of this Injunction, any party may apply to the Court for any relief necessary to construe or effectuate this Injunction.

### Delay

21. If any event occurs that causes, or that the County reasonably expects will cause, a delay in the achievement of any obligations imposed by this Injunction, the County shall notify Plaintiff, in writing, within ten (10) business days after the County becomes aware of the event

4

and its impact on the timely performance of its obligations. The County's notice to the Plaintiff of the event shall set forth the circumstances leading to the notice and the expected length of the delay. Plaintiff and the County shall make a good faith effort to reach an agreement as to any resulting modification to the deadline(s) set forth in the Schedule of Work attached as Ex. 2.

22. In the event parties are able to reach an agreement as to any resulting modification, the County shall file a Consent Motion to Modify setting forth the circumstances leading to the Motion and the agreed upon modifications to the Schedule of Work. The Court shall grant such Consent Motion.

23. In the event the parties are not able to reach an agreement as to any resulting modification of the Schedule of Work, the County shall file a Motion to Modify the Injunction within fifteen (15) business days after the Notice required in paragraph 21 was given. If the Court determines that there is good cause for the Motion, the Court shall extend the deadlines under the Schedule of Work for such period of time as it determines is reasonable or necessary.

### Force Majeure

24. In establishing the dates in Schedule of Work attached as Ex. 2, it is recognized that force majeure events beyond the control of the County may result in changes to the Schedule of Work. The County shall not be considered to be in violation of the Schedule of Work or the provision of this Injunction as a result of a force majeure event.

25. In the event of a force majeure which will result in the County's failure to meet any deadline(s) set forth in the Schedule of Work, the County shall notify the Plaintiff within ten (10) business days after the County becomes aware that said force majeure event will affect the County's ability to meet any deadline(s) contained in the Schedule of Work. The County's notice to the Plaintiff of the event shall set forth the circumstances leading to the notice and the expected length of the delay. Plaintiff and the County shall make a good faith effort to reach an agreement as to any resulting modification to the deadline(s) set forth in the Schedule of Work.

26. In the event parties are able to reach an agreement as to any resulting modification to the Schedule of Work, the County shall file a Consent Motion to Modify setting forth the circumstances leading to the Motion and the agreed upon modifications to the Schedule of Work. The Court shall grant such Consent Motion.

27. In the event the parties are not able to reach an agreement as to any resulting modification to the Schedule of Work, the County shall file a Motion to Modify the Injunction within fifteen (15) business days after the Notice required in paragraph 25 was given. If the Court determines that the event has caused or will cause a delay in the Schedule of Work and that the event constitutes a force majeure, the Court shall extend the deadlines under the Schedule of Work for such period of time as it determines is necessary or appropriate.

28. For purposes of this Injunction, a force majeure is defined as an event arising from causes beyond the County's control, which could not have been overcome by reasonable due diligence, and which materially delays or prevents the performance of any obligation(s) under the Schedule of Work. Examples of force majeure include, without limitation, the refusal or delay of any federal or state governmental authority to grant a necessary permit or license to the County, floods, hurricanes, and other extraordinary weather events or natural disasters, and any national emergencies that prevent work at the Site.

## Subsequent Modification & Enforcement

29. Either party may apply to the Court for modification of this Injunction, upon a showing of good cause. A party shall not petition the Court for modification without having first made a good faith effort to reach agreement with the other party on such modification.

30. The Court may modify this Injunction to take into consideration factors related to the technical feasibility and implementation of the remedial activity and the advice, direction, or requirements of any State or federal agency, including the Maryland Department of the Environment, that is concurrently overseeing remediation work associated with the Landfill.

31.   If Defendant is in violation of any provision of this Injunction, Plaintiff may seek redress against Defendant for that violation by filing a Motion to Enforce the Injunction with this Court, with relief provided as the Court deems appropriate.

### Termination

32.   This Injunction shall remain in force and effect until all obligations and terms referred to in Paragraphs 9 through 14 have been completed or satisfied and the Court determines either that the County is in compliance with 40 C.F.R. § 258.23(a)(2) or that the County has taken all reasonably feasible steps to come into compliance with 40 C.F.R. § 258.23(a)(2). Whereupon, the injunction shall be lifted by the Court upon a proper petition from the County.

33.   The termination of this Injunction shall not affect any independent duties imposed on Defendant pursuant to 40 C.F.R. part 258 or by the Maryland Department of the Environment.

### Notifications

34.   Unless otherwise specified, any reports, correspondence, notices, or other submissions relating to this Injunction are not to be filed with the Court and instead shall be sent to the parties, by email and first class mail, as follows:

**St. Mary's County**: George R. Sparling, County Attorney for St. Mary's County, P.O. Box 653 Leonardtown, Maryland 20650; George.Sparling@stmarysmd.com

**Marcas, LLC**:   Timothy K. Halloran, McKenna Long & Aldridge LLP, 1900 K Street, NW, Washington, DC 20006; thalloran@mckennalong.com
            Paul F. Summers, III, 849 Mount Airy Road, Davidsonville, Maryland 21035; tripp3@msn.com

35.   In the event of a change to the above contact information for any party, that party shall provide notice of the change directly to the other party and all further notifications shall reflect the updated information.

7

                                                */s/ William Connelly*
                                                WILLIAM CONNELLY
                                         UNITED STATES MAGISTRATE JUDGE



ST ANDREWS LANDFILL SITE MAP

## Schedule of Work Plan Activities

| ID | Task | Duration |
|---|---|---|
| 1 | **St Andrews Landfill - Area B LFG Collection System Expansion** | **434 calendar days** |
| 2 | **Planning, Scoping, and Financing** | **105 days** |
| 3 | Prepare scope of work and cost proposal | 7 days |
| 4 | County secure funding & issue purchase order | 84 days |
| 5 | Procure design services | 14 days |
| 6 | **Prepare Design & Specifications** | **81 days** |
| 7 | Conduct survey of existing LFG wells and infrastructure | 14 days |
| 8 | Conduct topographic survey of proposed work area | 7 days |
| 9-11 | Prepare cross-sections of lateral piping runs<br>Design wellheads & other details<br>Prepare sediment & erosion control plan | 14 days |
| 12 | Meeting to review preliminary design | 2 days |
| 13 | Revise preliminary design plans | 14 days |
| 14 | Prepare specifications | 7 days |
| 15 | Review design & specifications | 7 days |
| 16 | Prepare final design & specifications package | 14 days |
| 17 | Submit design & specification package for MDE review | 2 day |
| 18 | **MDE Review of Design & Specifications** | **60 days** |
| 19 | **Permitting** | **7 days** (while activities ongoing) |
| 20-21 | Prepare NOI application for stormwater permit<br>Prepare application for sediment & erosion control permit | 7 days (while activities ongoing) |
| 22 | **MDE & SCD Review of NOI and S&EC plan** | **60 days** (in part while activities ongoing) |
| 23 | **Procurement of Construction Services** | **36 days** |
| 24 | Prepare bid package | 1 week (while activities ongoing) |
| 25 | Pre-bid meeting | 1 day |
| 26 | Advertise bid | 30 days |
| 27 | Bid opening, review & award | 5 days |
| 28 | **Construction** | **120 days** |
| 29 | Construction kick-off meeting | 1 day |
| 30-33 | Order & deliver materials<br>Mobilize equipment<br>Construction stakeout<br>Install sediment and erosion controls | 50 days |
| 34 | Trenching and placement of lateral piping | 30 days |
| 35 | Backfill, compact and stabilize | 9 days |
| 36 | Construct remote wellheads | 15 days |
| 37 | Construct wellheads | 15 days |
| 38 | **System start-up** | **1 day** |