## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is made by and between Marcas, L.L.C. ("Marcas"), a Maryland limited liability company, and the Board of County Commissioners of St. Mary's County ("County"), hereinafter collectively referred to as the "Settling Parties" or individually as a "Settling Party."

## RECITALS

WHEREAS, on January 22, 2007, Marcas filed an action in the U.S. District Court for the District of Maryland, entitled *Marcas, LLC v. Board of County Commissioners of St. Mary's County*, Civil Action No. 8:07-CV-00196 (the "Federal Case"); and

WHEREAS, (1) on July 17, 2012, the County filed an eminent domain action against Marcas in the Circuit Court for St. Mary's County, entitled *Commissioners of St. Mary's County v. Marcas L.L.C.*, No. C-12-1088, and (2) on January 25, 2013, Marcas filed an action against the County in the Circuit Court for St. Mary's County for inverse condemnation and takings entitled *Marcas L.L.C. v. Board of County Commissioners of St. Mary's County*, No. C-13-115 (collectively the "State Cases"); and

WHEREAS, the Settling Parties enter into this Agreement in order to avoid protracted litigation in the Federal Case; and

WHEREAS, the Settling Parties agree to settle the Federal Case, but not the State Cases, on the terms set forth herein; and

WHEREAS the Settling Parties agree that the August 22, 2013 Order granting injunctive relief in the Federal Case shall not be affected by this Agreement; and

WHEREAS, the Settling Parties agree that this Agreement has been negotiated at arm's length; and

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the Settling Parties agree as follows:

## DEFINITIONS

The following terms or words not otherwise specifically defined or identified in this Agreement shall have the meaning defined below:

A.   Effective Date. "Effective Date" shall mean the date by which both Settling Parties have executed a copy of this Agreement.

B.   Federal Court. "Federal Court" shall mean U.S. District Court of the District of Maryland.

C.   RCRA Injunction. "RCRA Injunction" shall mean the Federal Court's August 22, 2013 Order (Docket No. 176) setting forth the injunctive relief and remedial measures that the County shall take to comply with 40 C.F.R. 258.23(a)(2), thereby remediating methane migration from the St. Andrew's Landfill to Plaintiff Marcas's Property as defined in that Order.

D.   Released Claims and Defenses. "Released Claims" shall mean all claims that have been or could have been brought in the Federal Case, except that the Settling Parties expressly do not release (1) any of the claims in the State Cases, or defenses to such claims, including but not limited to (a) 42 U.S.C. § 1983 – inverse condemnation, (b) common law inverse condemnation under the Maryland Constitution, and (c) eminent domain; or (2) any claims or other actions arising out of or relating to the implementation or enforcement of the RCRA Injunction.

E.   Reserved Claims. "Reserved Claims" shall mean (1) all the claims in the State Cases, and defenses to such claims, including but not limited to (a) 42 U.S.C. § 1983 – inverse condemnation, (b) common law inverse condemnation under the Maryland Constitution, and (c)

eminent domain; and (2) any claims or other actions arising out of or relating to the implementation or enforcement of the RCRA Injunction.

### AGREEMENT

NOW THEREFORE, in consideration for the mutual promises and covenants set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Settling Parties hereto, intending to be legally bound, agree as follows:

### ARTICLE I
### SETTLEMENT PAYMENT, RELEASE, AND DISMISSAL

A. Settlement Payment

Within seven (7) days of the "Effective Date," the County shall pay Five Hundred Eighty-Seven Thousand One Hundred Forty-Six Dollars and Fifty-Four Cents ($587,146.54) to McKenna Long & Aldridge LLP, attorneys for Marcas: Two Hundred Thousand Dollars ($200,000.00) of which represents the settlement payment for the Released Claims ("Settlement Payment"), and Three Hundred Eighty-Seven Thousand One Hundred Forty-Six Dollars and Fifty-Four Cents ($387,146.54) of which represents the reimbursement of certain attorneys' fees and other costs of litigation for the Released Claims ("Attorneys' Fees").

B. Release

(1) For and in consideration of the Settlement Payment and other covenants and agreements set forth herein, the Settling Parties mutually release and forever discharge each other and all their respective parents, subsidiaries, affiliates, directors, officers, commissioners, shareholders, partners, joint venturers, agents, attorneys, heirs, personal representatives, successors and assigns, from the Released Claims.

(2) The Settling Parties expressly do NOT release, and reserve to themselves, the Reserved Claims and all defenses to such claims.

C. Dismissal of Released Claims

(1) Within seven (7) days of receipt of the Settlement Payment, Marcas shall file a Motion pursuant to Fed. R. Civ. P. 41(a)(2), seeking a dismissal of the Released Claims against the County with prejudice. In such Motion filed pursuant to Fed. R. Civ. P. 41(a)(2), Marcas and the County shall jointly request that the Federal Court retain jurisdiction to enforce this Agreement and the RCRA Injunction.

(2) Marcas and the County further agree to take whatever other steps are necessary to ensure that the Released Claims in the Federal Case are promptly dismissed with prejudice.

## ARTICLE II
## NO ASSIGNMENT

Upon the Effective Date of this Agreement, the Settling Parties warrant and represent that they have not assigned, conveyed or otherwise transferred their respective claims, causes of action, demands, judgments or liabilities, whether known or unknown, asserted or unasserted, accrued or unaccrued, arising out of or connected in any way to the Federal Case, to any other person, firm, corporation, or other entity, and no other person, firm, corporation, or other entity has any lien or interest in such claims.

## ARTICLE III
## ENFORCEABILITY, SEVERABILITY, AND JURISDICTION

A. Enforceability. The Settling Parties represent and warrant that: (1) they have the legal capacity and are fully authorized to execute this Agreement; and (2) this Agreement includes legal, valid, and binding obligations.

B.   Severability. In the event any provision of this Agreement is determined by a court to be invalid, the remainder of this Agreement shall not be affected thereby and shall remain in force; provided, however, that if the obligations set forth in Article I are so invalidated, the entirety of this Agreement shall be null and void.

C.   Jurisdiction. The Settling Parties acknowledge the ongoing exclusive jurisdiction of the Federal Court to enforce the terms of this Agreement. The Federal Court also shall maintain jurisdiction over the RCRA Injunction. This Agreement is not intended to affect the continuing jurisdiction of the Federal Court over the RCRA Injunction in any way.

## ARTICLE IV
## NOTICE

Any notice provided for under this Agreement shall be in writing and delivered by certified mail, return receipt requested, or by facsimile or email addressed to the Settling Parties at the following addresses:

| If to Marcas: | Michael Verna, Esq.<br>Bowles & Verna LLP<br>2121 N. California Blvd., Ste. 875<br>Walnut Creek, CA 94596<br>Phone: (925) 935-3300<br>Fax: (925) 935-0371<br>Email: MVerna@bowlesverna.com |
|---|---|
| If to the County: | George Sparling, Esq.<br>County Attorney<br>P.O. Box 653<br>Governmental Center<br>41770 Baldridge St.<br>Leonardstown, MD 20650<br>Phone: (301) 475-4200 ext. 1700<br>Fax: (301) 475-4660<br>Email: George.Sparling@stmarysmd.com |

## ARTICLE V
## MISCELLANEOUS PROVISIONS

A.     Governing Law.  This Agreement shall be construed according to the law of the United States of America and the State of Maryland.

B.     Entire Agreement.  This Agreement sets forth the entire agreement and understanding among the Settling Parties as to the subject matter hereof, and merges and supersedes all prior settlement discussions.

C.     Headings.  The headings in this Agreement are inserted for convenience of reference only and shall not be considered in the construction or interpretation of this Agreement.

D.     Interpretation.  This Agreement is the product of negotiations between the Settling Parties.  The Settling Parties hereby agree that this Agreement shall not be construed against the drafter and any rule of contract construction providing for an interpretation against the drafter shall not apply.

E.     Binding.  This Agreement, and the terms, covenants, obligations and conditions herein contained, shall inure to the benefit of and be binding upon the parents, subsidiaries, affiliates, shareholders, directors, officers, commissioners, employees, agents, heirs, personal representatives, predecessors, successors and assigns of each of the Settling Parties hereto.

F.     Advice of Counsel.  Each of the Settling Parties hereto acknowledges that it has been represented by legal counsel throughout all of the negotiations preceding execution of this Agreement and that each Settling Party has executed this Agreement with the consent and on the advice of such legal counsel.

G.     Time Periods.  "Day" shall mean a calendar day.  If any date or any period provided in this Agreement ends on a Saturday, Sunday, or legal holiday of the United States, the

applicable period shall be extended to the first business day following such Saturday, Sunday, or legal holiday of the United States.

H. <u>Modification</u>. This Agreement shall not be modified unless any proposed modification is agreed to in writing by all of the Settling Parties to this Agreement.

I. <u>Survival of Contract Rights</u>. All of the provisions of this Agreement shall survive entry of the Stipulation of Dismissal of the County in the Federal Case and shall be enforceable as a contract.

J. <u>Counterparts</u>. This Agreement may be executed in counterparts, all of which when taken together constitute one instrument.

IN WITNESS WHEREOF, the undersigned Settling Parties have executed this Agreement in counterpart on the date designated on their respective signature pages.

Dated: 4/16/14

Plaintiff Marcas, LLC

By: Caz Szlendak

Defendant Board of County Commissioners of St. Mary's County

By: Francis Jack Russell, President
Board of County Commissioners of
St. Mary's County